1  Armen Jalalian, Pro Se

2  932 Peninsula Avenue,
   San Mateo, CA 94401
3
4  Telephone: 650/695-9797
   e-mail: armenjalalian1974@gmail.com
5  ----------------------------------
6  Self Represented, Plaintiff



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

Case No.: CV25 1411 LJC

ARMEN JALALIAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., and MARIANNE LAKE

Defendants,

CLASS ACTION COMPLAINT FOR:

BREACH OF CONTRACT

FRAUDULENT MISREPRESENTATION

NEGLIGENT MISREPRESENTATION

CONVERSION

CONSTRUCTIVE TRUST

DEMAND FOR TRIAL BY JURY

---

CLASS ACTION COMPLAINT

COMES NOW Plaintiff Armen Jalalian ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This is a class action against JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") arising from its systematic practice of wrongfully retaining possession of vehicles after receiving required payments for their release, demanding additional payments, and engaging in deceptive practices regarding wire transfer payments.

2. Plaintiff brings this action on behalf of himself and all similarly situated individuals who have made payments to Chase for the release of their vehicles, only to have Chase retain possession and demand additional payments.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and this is a class action in which at least one member of the class is a citizen of a state different from Defendant.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Plaintiff resides in this District.

## PARTIES

5. Plaintiff Armen Jalalian is an individual residing in San Mateo, California.

6. Defendant JPMorgan Chase Bank, N.A. is a national banking association with its main office in New York, New York.

## FACTUAL ALLEGATIONS

7. In July 2024, Plaintiff purchased a 2025 Subaru Forester ("Vehicle") from Seramonte Subaru, financed through Chase.

---

CLASS ACTION COMPLAINT

8. On November 27, 2024, Chase repossessed the Vehicle.

9. On or about December 19, 2024, Chase employee Victor (ID: V166800) informed Plaintiff that payment of $4,485.37 would secure the Vehicle's release.

10. On December 23, 2024, Plaintiff completed a wire transfer of $4,485.37 from Ararat Bank (SWIFT: ARMCAM22) to Chase (SWIFT: CHASEUS33).

11. Chase employee Taliyah (ID: V082695) confirmed receipt of the wire transfer.

12. Despite receiving payment, Chase has refused to release the Vehicle and continues to demand additional payments.

13. Upon information and belief, Chase recorded all telephone conversations with Plaintiff wherein specific SWIFT numbers and wire transfer instructions were communicated.

## PRESERVATION OF EVIDENCE

14. Defendant is hereby notified and should immediately take steps to preserve:
    a. All recorded telephone conversations with Plaintiff
    b. All internal communications regarding Plaintiff's account
    c. All wire transfer processing records
    d. All training materials regarding wire transfer processing
    e. All policies regarding release of repossessed vehicles
    f. All database records showing SWIFT number verification processes

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).

16. The proposed Class is defined as: All persons in the United States who, within the applicable statute of limitations:
    (a) Made payments to Chase for release of repossessed vehicles;

(b) Had their payments confirmed by Chase; and

(c) Were subsequently denied release of their vehicles or required to make additional payments.

17. Numerosity: The Class is so numerous that joinder of all members is impracticable. Upon information and belief, Chase services millions of auto loans nationwide.

18. Commonality: Questions of law and fact common to the Class include:

a. Whether Chase's practice of retaining vehicles after receiving agreed-upon payments constitutes conversion;

b. Whether Chase's representations regarding payment amounts required for vehicle release are fraudulent;

c. Whether Chase's conduct breaches its contracts with customers.

19. Typicality:

Plaintiff's claims are typical of Class members' claims as they arise from the same course of conduct by Chase.

20. Adequacy:

Plaintiff will fairly and adequately protect Class interests and has retained counsel experienced in consumer class actions.

## FIRST CAUSE OF ACTION

(Breach of Contract)

21. Plaintiff incorporates all previous allegations.

22. Plaintiff and Chase entered into an oral agreement whereby Chase would release the Vehicle upon receipt of $4,485.37.

23. Plaintiff performed by transferring $4,485.37 to Chase.

24. Chase breached by refusing to release the Vehicle.

25. Plaintiff has suffered damages including:

a. $4,485.37 payment

b. $4,000 advance payment

    c. $150 per day vehicle rental costs

    d. Emotional distress damages

## SECOND CAUSE OF ACTION

### Fraudulent Misrepresentation

26. Plaintiff incorporates all previous allegations.

27. Defendant Chase, through its employees and agents, made false representations of material fact to Plaintiff, including but not limited to:

    (a) that payment of $4,485.37 would secure the release of the Vehicle; and

    (b) that Chase was capable of properly processing and crediting Plaintiff's wire transfer payment.

28. These representations were false when made, as Chase:

    (a) failed to release the Vehicle despite receiving payment; and

    (b) demonstrated a systematic failure to properly process wire transfer payments, as evidenced by its inability to locate or credit Plaintiff's payment.

29. Defendant Chase made these false representations knowing they were false or with reckless disregard for their truth.

30. Plaintiff justifiably relied on these false representations to his detriment by:

    (a) making the $4,485.37 wire transfer; and

    (b) foregoing other opportunities to obtain possession of the Vehicle.

31. As a direct and proximate result of Defendant's fraudulent misrepresentations, Plaintiff has suffered damages, including but not limited to those listed in paragraph 25.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

32. Plaintiff incorporates all previous allegations.

33. Defendant Chase, through its employees and agents, made representations of material fact to Plaintiff, including but not limited to those described in paragraph 27.

34. Defendant Chase failed to exercise reasonable care in making these representations, as it knew or should have known that the representations were false or misleading.
35. Plaintiff justifiably relied on these negligent misrepresentations to his detriment in the same manner described in paragraph 30.
36. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered damages, including but not limited to those listed in paragraph 25.

## FOURTH CAUSE OF ACTION

### (Conversion)

37. Plaintiff incorporates all previous allegations.
38. Plaintiff had a lawful right to possession of the Vehicle upon completion of the $4,485.37 wire transfer to Chase.
39. Defendant Chase intentionally and wrongfully exercised dominion and control over the Vehicle by refusing to release it to Plaintiff despite receiving payment.
40. Defendant Chase's actions constitute conversion of Plaintiff's personal property.
41. As a direct and proximate result of Defendant's conversion, Plaintiff has suffered damages, including but not limited to those listed in paragraph 25.

## FIFTH CAUSE OF ACTION

### (Constructive Trust)

42. Plaintiff incorporates all previous allegations.
43. By refusing to release the Vehicle despite receiving payment, Defendant Chase has been unjustly enriched by retaining possession of both Plaintiff's funds and Plaintiff's Vehicle.
44. To prevent this unjust enrichment, a constructive trust should be imposed on the Vehicle, requiring Chase to transfer title and possession to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, requests that the Court enter judgment against Defendant Chase, including:

A. Certification of the proposed Class under Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure;

B. Appointment of Plaintiff as Class Representative;

C. Compensatory damages, including but not limited to those listed in paragraph 25, to be proven at trial;

D. Punitive damages to punish Defendant Chase for its willful and malicious conduct;

E. Injunctive relief, requiring Defendant Chase to immediately release the Vehicle to Plaintiff and enjoining Defendant from engaging in similar wrongful conduct in the future;

F. The imposition of a constructive trust on the Vehicle, requiring Defendant Chase to transfer title and possession to Plaintiff;

G. Attorneys' fees and costs, as permitted by law;

H. Pre-judgment interest on all damages; and

I. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so trialable.

---

Dated: February 7, 2025

Respectfully submitted,

_____

Armen Jalalian, Pro Se

Plaintiff

932 Peninsula Ave. #210

San Mateo, CA 94401