UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN JALALIAN,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>    Defendants. | Case No. 25-cv-01411-LJC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 18, 22 |

Before the Court are Defendant JPMorgan Chase Bank, N.A. (Chase) and Defendant Marianne Lake's Motions to Dismiss Plaintiff Armen Jalalian's First Amended Complaint. ECF Nos. 18, 22. The parties have consented to the jurisdiction of a magistrate judge. ECF Nos. 7, 26-27. The matter is suitable for decision without oral argument. Civil L.R. 7-1(b). Having considered Defendants' motions[1] and the relevant legal authority, the Court hereby GRANTS Defendants' Motions to Dismiss based on lack of subject matter jurisdiction. The dismissal is without prejudice and Plaintiff may further amend his First Amended Complaint (FAC) to address the deficiencies identified below. His Second Amended Complaint, should he choose to file one, must be filed by June 20, 2025.

**I.   BACKGROUND**

Pro se Plaintiff Armen Jalalian sued Chase and Marianne Lake (Lake) for the alleged wrongful retention of Plaintiff's car. Plaintiff alleges that he purchased a Subaru Forester in July 2024, financed through Chase. ECF No. 8 (FAC) ¶ 9. Chase repossessed the car in November 2024 due to nonpayment. *Id.* ¶ 10. On approximately December 19, 2024, a Chase employee named Victor told Plaintiff that his car would be released if Plaintiff paid $4,485.37. *Id.* ¶ 11.

---

[1] Plaintiff did not file oppositions to the motions, which were due by May 16, 2025.

1  Plaintiff alleges that he wired the $4,485.37 from his bank to Chase on December 23, 2024. A
2  different Chase employee allegedly confirmed receipt of the wire transfer. FAC ¶ 13.

3        In January 2025, Chase sent Plaintiff a letter informing Plaintiff that Chase did not receive
4  the funds from his bank and that his bank used the incorrect SWIFT code to wire money to Chase.
5  FAC Ex. B. Chase informed Plaintiff that "$5,183.48 remains due to reinstate your car prior to the
6  legal sale date that we have extended to allow you additional time." *Id.* Plaintiff alleges that his
7  bank used the correct SWIFT code, but when he informed Chase that he had used the correct code
8  "Chase refused to acknowledge its error and continued to wrongfully retain" Plaintiff's car.
9  FAC ¶ 17. Chase sent another letter to Plaintiff on February 25, 2025, informing him that they
10 would not change their position regarding the repossession of his car "unless we receive new
11 information that could affect our decision." FAC at Ex. C. Chase sold Plaintiff's car on March 4,
12 2025, and has since demanded that Plaintiff pay $16,728.32 for the balance of the vehicle. *Id.* ¶¶
13 19-20. Plaintiff alleges that he has suffered "extreme hardship" due to Chase's actions, including
14 missing medical appointments, financial costs, and "significant emotional distress." *Id.* ¶ 23.
15 Plaintiff asserts claims against Chase for breach of contract, fraudulent and negligent
16 misrepresentation, conversion, constructive trust, breach of the covenant of good faith and fair
17 dealing, and unfair business practices. *See id.* ¶¶ 26-59.

18       Plaintiff contends that the Court has diversity jurisdiction over this case. *Id.* ¶ 3. Plaintiff
19 alleges that the amount in controversy exceeds $75,000. *Id.* ¶ 5. He asserts that he is a citizen of
20 California and Chase "is a national banking association with its main office in New York, New
21 York, as designated in its articles of association, and is therefore a citizen of New York for
22 diversity purposes." *Id.* ¶ 4. There are no allegations regarding Lake's citizenship.

23 **II.   MOTIONS TO DISMISS**

24       Lake and Chase both filed Motions to Dismiss Plaintiff's FAC. ECF Nos. 18, 22. Lake
25 argues that the FAC must be dismissed because the Court lacks subject matter jurisdiction over the
26 action, because the Court lacks personal jurisdiction over Lake, because Lake has not been
27 properly served, and because the FAC does not allege any "facts, claims, or causes of action
28 against Lake." ECF No. 18 at 8. Chase argues that the FAC must be dismissed because the Court

lacks subject matter jurisdiction over the action and because the FAC fails to state a cause of action upon which relief can be granted. *See generally,* ECF No. 22.

### III.     LACK OF SUBJECT MATTER JURISDICTION

Both Lake and Chase argue that the FAC must be dismissed because Plaintiff has not alleged that there is complete diversity among the parties and the Court thus does not have subject matter jurisdiction over this action. The Court agrees and, on this basis, dismisses the FAC without prejudice.

Plaintiff asserts that the Court has diversity jurisdiction. FAC ¶ 3. He asserts that the amount in controversy exceeds $75,000 based on his actual damages, punitive damages, attorneys' fees, and the value of injunctive relief. *Id.* ¶ 5. He alleges that Chase is a citizen of New York and that he is a citizen of California, but does not include allegations regarding Lake's citizenship. *Id.* ¶ 4.

28 U.S.C. § 1332(a) establishes that district courts have "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States[.]" Complete diversity between all plaintiffs and all defendants is required. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 126 (2005). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). Courts may not hear a case if they lack subject matter jurisdiction over it; accordingly, if at any point they determine there is no subject matter jurisdiction they must "dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Where, as here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" with narrow exceptions, courts may not look beyond the complaint in ruling on the motion. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, it is Plaintiff's burden to allege that the Court has diversity jurisdiction over this case. *See NewGen*, 840 F.3d at 613-14. Plaintiff has failed to include any allegations regarding Defendant Marianne Lake's citizenship and thus failed to allege there is complete diversity between the parties. As Plaintiff has not alleged "all of the essential elements of diversity

3

1  jurisdiction," and no basis for federal question jurisdiction exists, the FAC is DISMISSED for
2  failure to plead that the Court has subject matter jurisdiction. *Rainero v. Archon Corp.*, 844 F.3d
3  832, 840 (9th Cir. 2016); *see Arbaugh*, 546 U.S. at 514. The dismissal is without prejudice and
4  Plaintiff may further amend his pleadings to show that the Court has jurisdiction over the action.
5  *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (explaining that "insufficient
6  averments of citizenship" is well suited to being "saved by amendment"); *Lopez v. Smith*, 203
7  F.3d 1122, 1127 (9th Cir. 2000) (providing that the general rule that leave to amend must be
8  liberally granted is especially true for pro se plaintiffs).

Because the undersigned determined that the FAC does not establish it has subject matter jurisdiction over this action, the Court did not consider Defendants' other arguments. *See Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008). Should Plaintiff choose to amend his FAC, the Court encourages him to consider Chase and Lake's additional arguments. The Court also encourages Plaintiff to seek free legal assistance from the Northern District's Legal Help Center as he proceeds with this litigation. The Legal Help Center can be reached by calling (415) 782-8982 or by emailing fedpro@sfbar.org, and appointments can be held in-person or remotely. Plaintiff may also wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se-litigants/, including the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants." This manual for pro se litigants can be downloaded from the Court's website, https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf, or obtained free of charge at the Legal Help Center's Office, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California 94102.

//
//
//
//
//
//

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants Chase and Lake's Motions to Dismiss based on lack of subject matter jurisdiction. Plaintiff's FAC is dismissed without prejudice. Plaintiff's Second Amended Complaint, should he choose to file one, is due no later than June 20, 2025.

**IT IS SO ORDERED.**

Dated: May 29, 2025

LISA J. CISNEROS
United States Magistrate Judge