UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN JALALIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No.  3:25-cv-01411-LJC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND ENHANCED SANCTIONS; MOTION FOR CONTINUANCE OF HEARING; AND MOTION FOR SANCTIONS OR TO DISQUALIFY COUNSEL**<br><br>Re: Dkt. Nos. 69, 71, 75 |

　　　　Before the Court are Plaintiff Armen Jalalian's Motion for Judicial Notice of Defendant's Recidivist Status and for Enhanced Sanctions (ECF No. 69), Motion for Continuance of Hearing (ECF No. 71), and Motion for Sanctions and to Disqualify Counsel (ECF No. 75).  The Court assumes the parties' familiarity with this case's factual and procedural history.  Pursuant to Civil Local Rule 7-1(b), the Court determines that these motions may be resolved without oral argument and DENIES all three.  The Court's reasoning is as follows.

　　**A.**　　**Motions for Sanctions**

　　　　Plaintiff filed a motion for judicial notice and sanctions following Defendant's counsel's non-appearance at the August 12, 2025 hearing on Defendant's motion to dismiss.  ECF No. 69. Plaintiff requests that the Court take "[j]udicial notice of Defendant JPMorgan Chase Bank, N.A.'s extensive history of regulatory violations and legal settlements demonstrating recidivist institutional conduct," find that Defendant's counsel's failure to appear at the August 12, 2025 hearing on the motion to dismiss "reflects institutional contempt grounded in economic calculus

1  rather than inadvertence," award enhanced sanctions of "no less than $500,000 or 0.01% of
2  Defendant's total assets" and fee shifting for costs arising from the nonappearance, and require
3  "mandatory personal appearance by a senior executive with settlement authority" at all future
4  hearings. *Id.* at 2, 12.  These requests are denied.

5        Plaintiff first requests that the Court take judicial notice of Defendant's "extensive history
6  of regulatory violations and penalties as documented in public enforcement records" attached to
7  Plaintiff's motion at Exhibit A.  *Id.* at 7.  Exhibit A purports to be a list of penalties Chase
8  allegedly incurred for various violations (such as "toxic securities abuses," "mortgage abuses,"
9  and "anti-money-laundering deficiencies"), apparently copied from the website
10 "goodjobsfirst.org."  *Id.* at 16-25; JPMorgan Chase Violation Tracker, Good Jobs First,
11 https://violationtracker.goodjobsfirst.org/parent/jpmorgan-chase [https://perma.cc/R5TJ-CPB2]
12 (last visited Oct. 2, 2025).  Federal Rule of Evidence 201 provides that courts "may judicially
13 notice a fact that is not subject to reasonable dispute because it" either is "generally known within
14 the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources
15 whose accuracy cannot reasonably be questioned."

16       Courts may properly take "judicial notice of court filings and other matters of public
17 record" as well as information on government websites.  *Reyn's Pasta Bella, LLC v. Visa USA,*
18 *Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998
19 (9th Cir. 2010).  While it thus could be appropriate for the Court to take judicial notice of the
20 existence of other lawsuits against Defendant, or of public records regarding Defendant's alleged
21 "regulatory violations," nothing indicates that Exhibit A—apparently a page from a non-
22 government website—is not "subject to reasonable dispute." Fed. R. Evid. 201(b).  Because the
23 information in Exhibit A, as presented to the Court, is not "generally known" and cannot be
24 "accurately and readily determined from sources whose accuracy cannot be reasonably
25 questioned," Plaintiff's request for judicial notice is denied.[1]  *Id.*

---

[1] Plaintiff argues that "JPMorgan's enforcement history is documented in publicly available databases maintained by federal and state regulatory agencies." ECF No. 69 at 7.  This may be the case, but the material Plaintiff asks the Court to take judicial notice of at Exhibit A is from a private website and is not a public database "maintained by federal and state regulatory

United States District Court
Northern District of California

Plaintiff next requests that the Court impose sanctions, including monetary sanctions, on Defendant due to Defendant's counsel's failure to appear at the hearing on August 12, 2025, and issue a finding that the failure to appear "reflects institutional strategy" rather than inadvertence. ECF No. 69 at 8. After Defendant's counsel failed to appear at the August 12, 2025, hearing the Court issued an Order to Show Cause as to why the motion to dismiss should not be denied due to the failure to appear or why defense counsel should not be required to reimburse Plaintiff for his travel costs to the hearing. ECF No. 63. Defense counsel responded that he had mistakenly believed the hearing was to be held remotely. ECF No. 64. At the rescheduled hearing the following day, the Court admonished counsel for his failure to appear and discharged the Order to Show Cause without issuing sanctions or any other penalty. ECF No. 67.

Plaintiff now requests that the Court reconsider its prior decision and impose sanctions. While there are many sources of district court's power to impose sanctions, Plaintiff appears to argue that sanctions are appropriate here pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. Section 1927, and the Court's inherent authority. *See* ECF No. 69 at 5-6.

Rule 11(b) requires that pleadings, written motions, and other paper submitted to a court not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal and factual contentions contained therein are grounded in existing law and evidence, respectively. Rule 11(c) provides that courts may impose sanctions if, "after notice and a reasonable opportunity to respond," the court determines that Rule 11(b) has been violated. Rule 11 sanctions are inapplicable here, because, among other reasons, Plaintiff has not identified any "pleading, written motion, or other paper" submitted to the Court that was presented for an improper purpose or not based in law or fact. Fed. R. Civ. P. 11(b). Plaintiff takes issue with Defendant's counsel's nonappearance at a hearing, not with a "pleading, written motion, or other paper" presented to the Court. Plaintiff's request for Rule 11 sanctions is accordingly denied.

28 U.S.C. Section 1927 provides that an attorney "who so multiplies the proceedings in

---

agencies." *Id.*

any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The imposition of sanctions under § 1927 requires a finding of bad faith." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Courts "assess an attorney's bad faith under a subjective standard. Knowing or reckless conduct meets this standard." *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). While defense counsel's failure to appear at the August 12, 2025 hearing inconvenienced Plaintiff and the Court and delayed the hearing on the motion to dismiss by one day, there is no indication of bad faith conduct. Defense counsel has attested that his failure to appear was due to his "mistaken belief that the hearing was being conducted remotely." ECF No. 64-1 ¶ 2. Given that the case management conference in this matter was conducted remotely (*see* ECF No. 57) and that it is now common for hearings to be held via Zoom, the Court credits counsel's explanation and accepts that his failure to appear was an unfortunate mistake but nothing more. As there is no evidence of "bad faith" on the part of defense counsel, the Court denies Plaintiff's request for sanctions pursuant to 28 U.S.C. Section 1927.

Lastly, courts may sanction attorneys and parties pursuant to their inherent authority for "willful disobedience of a court order" or "bad faith" conduct. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) (quotation marks omitted). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent … A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quotation marks omitted). "The bad faith requirement sets a high threshold." *Id.* As explained above, defense counsel's failure to appear was due to his mistaken belief that the hearing was to be held remotely. This does not evidence bad faith conduct. The Court accordingly denies Plaintiff's request for sanctions pursuant to its inherent authority.

The Court accordingly denies Plaintiff's motion for sanctions, ECF No. 69, and declines to issue a finding that the failure to appear was the result of institutional contempt rather than

4

inadvertence. Plaintiff filed a second motion for sanctions and for the disqualification of defense counsel Brian Gee. ECF No. 75. His motion in large part repeats his prior arguments, and for the reasons stated above, is denied.

### B. Motion for Continuance of Hearing

Plaintiff also filed a Motion for a Continuance of Hearing, requesting that the "currently scheduled hearing in the above-captioned matter" be continued to January 28, 2026. ECF No. 71 at 2. At the time Plaintiff filed his motion, there were no hearings scheduled in this case.[2] After Plaintiff filed his Motion for a Continuance, Defendant moved to dismiss Plaintiff's Third Amended Complaint and set a hearing date for October 23, 2025. ECF No. 73. That hearing has since been continued to November 18, 2025, and is currently the only hearing scheduled in this case. ECF No. 79. As the hearing on the motion to dismiss was set *after* Plaintiff filed his Motion for a Continuance, it is not clear what hearing Plaintiff was referring to when he requested that the "currently scheduled hearing" in this case be continued to January 2026. ECF No. 71 at 2. Because Plaintiff has not identified which hearing he wants continued to January 2026, his request is denied. Any future requests to change time must comply with Civil Local Rules 6-3, 7-11, and 7-12.

### C. Conclusion

Plaintiff's motions at ECF Nos. 69, 71, and 75 are denied. Although Plaintiff is proceeding pro se, he is still required to comply with the Civil Local Rules and Federal Rules of Civil Procedure. This includes Federal Rule of Civil Procedure 11, which, as discussed above, provides that by presenting a "pleading, written motion, or other paper" to the Court, an attorney or unrepresented party "certifies that to the best of the person's knowledge, information, and belief" the "pleading, written motion, or other paper … is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and has a basis in law and fact. The Court cautions Plaintiff that filing duplicative motions or

---

[2] Although Plaintiff had already filed the first Motion for Judicial Notice and Sanctions when he filed his Motion for a Continuance, he had not requested a hearing date for the Motion for Sanctions. *See* ECF No. 69 at 1-2.

filing motions for an improper purpose may constitute a violation of Rule 11.

**IT IS SO ORDERED.**

Dated: November 7, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge